UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD FAASEN,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Janet T. Neff

Case No. 1:09-CV-294

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Notice of Application for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act, (dkt. #15), and Plaintiff's Corrected Notice of Application for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act, (dkt. #16). Plaintiff's counsel seeks $3,692.19 in fees and costs, as detailed in Plaintiff's applications. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special

circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

Plaintiff initiated this action on March 26, 2009. (Dkt. #1). On August 31, 2009, the parties stipulated to reverse the Commissioner's decision and remand the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. #13-14). Plaintiff's counsel now moves for an award of fees and costs pursuant to the EAJA. Defendant has not responded to Plaintiff's request.

In his application, Plaintiff's counsel seeks an award of $3,692.19. Specifically, counsel asserts that he expended 21.25 hours on this matter for which he seeks an hourly rate of $173.75. While the Court finds the number of hours expended by counsel to be reasonable, the hourly rate upon which counsel's claim is based is inappropriate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As the Court finds neither

circumstance present, the undersigned recommends that counsel's award be based upon an hourly rate of $125, resulting in an award in the amount of $2,656.25 ($125 multiplied by 21.25 hours).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's motions for fees and costs pursuant to the EAJA be **granted in part and denied in part**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 11, 2010           /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 United States Magistrate Judge