UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD V. FAASEN,

                Plaintiff,                          Case No: 1:09-cv-294

v                                            HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

**OPINION**

This matter is before the Court on Plaintiff's Notice of Application for Attorneys Fees and

Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Dkt 15), and

Plaintiff's Corrected Notice of Application for Attorneys Fees and Costs Pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412 (Dkt 16).  Plaintiff's counsel seeks $3,692.19 in fees and

costs, as detailed in Plaintiff's applications.  The matter was referred to the Magistrate Judge, who

issued a Report and Recommendation, recommending that this Court grant in part and deny in part

Plaintiff's request for fees and costs.  The matter is presently before the Court on Plaintiff's

objections to the Report and Recommendation (Dkt 19).  In accordance with 28 U.S.C. § 636(b)(1)

and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the

Report and Recommendation to which objections have been made.  The Court denies the objections

and issues this Opinion.

Plaintiff argues that the Magistrate Judge erred in finding that no special factors justified an

increase in the statutory hourly rate of $125 for attorney fees.  *See* 28 U.S.C. § 2412(d)(2)(A).

Plaintiff argues that significant changes in the Consumer Price Index since March of 1996, when the

statute was enacted or revised, constitutes a special factor warranting an increase in the hourly rate for attorney fees. Plaintiff contends that attorneys who represent social security claimants are underpaid, particularly relative to members of the federal judiciary, who have received minimal pay increases, but nevertheless are under-compensated according to reports. Plaintiff also points out that there is a scarcity of attorneys willing and able to represent social security claimants, and without representation, these claimants will not receive benefits to which they are entitled.

The Court finds no basis for rejecting the Report and Recommendation of the Magistrate Judge. Under the EAJA, 28 U.S.C. § 2412(d)(2)(A), the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Plaintiff's arguments for a fee increase based on the Department of Labor's Consumer Price Index and public policy concerns arguably justify a legislative increase to the EAJA's statutory cap, but are insufficient justification for an increase in the hourly fee rate by this Court. *See Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 449-50 (6th Cir. 2009) (holding accordingly).

The Magistrate Judge properly determined that Plaintiff failed to show that an increase in the hourly rate of attorney fees was justified in this case.

An Order will be entered consistent with this Opinion.


Dated:  May 7, 2010                              /s/ Janet T. Neff                              
                                                 JANET T. NEFF
                                                 United States District Judge